UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK A. COOPER,<br>Petitioner,<br>v.<br>ROBERT NEUSCHMID,<br>Respondent. | Case No. 19-cv-05699-JST<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, an inmate at Solano State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He has paid the filing fee. Dkt. No. 1.

## BACKGROUND

According to the petition, in 2014, Petitioner was convicted by a Contra Costa County jury of first degree murder (Cal. Penal Code § 187) and participation in a criminal street gang (Cal. Penal Code § 182.5), with enhancements. Dkt. No. 1 ("Pet.") at 1-2. Petitioner was sentenced to a total term of 50 years to life in prison. Pet. at 1. In 2017, petitioner's conviction was affirmed by the California Court of Appeal in 2018, but his case was remanded to the trial court for the limited purposes of holding a *Franklin* hearing and to consider whether the section 12022.53 enhancement should be struck pursuant to section 1385. Pet. at 3. In 2018, petitioner's petition for review was denied by the California Supreme Court. Pet. at 1. Petitioner filed a habeas petition with the California Supreme Court, which was denied on July 10, 2019. Pet. at 1. The instant action was filed on September 10, 2019. *See* Pet.

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Claims

As grounds for federal habeas relief, Petitioner claims that: (1) the trial court's refusal to allow trial counsel to impeach Desiree Baker's trial testimony with a video recording of her demeanor and prior inconsistent statements violated petitioner's right to confrontation, his right to present a complete defense, and his right to compulsory process; (2) the trial court's refusal to allow trial counsel to cross-examine Tanisha Evans about texts and photos that she sent to Sabrina Kim violated petitioner's right to confrontation, his right to present a complete defense, and his right to compulsory process; (3) trial counsel was ineffective when she failed to object when the prosecutor committed misconduct by vouching for his witnesses' credibility; (4) cumulative errors from Claim Nos. 1 through 3; (5) the prosecutor committed misconduct when he failed to present and respect exculpatory evidence related to petitioner's cell phone tower data records and Shotspotter alert records; (6) the prosecutor committed misconduct when he failed to present and respect exculpatory evidence related to Contra Costa County Deputy Sheriff Jesus Topete's report; (7) trial counsel was ineffective when she failed to subpoena and present the exculpatory testimony of Laura Herrera; (8) the trial court's denial of petitioner's motion to suppress pursuant to Cal. Penal Code § 1538.5 violated petitioner's rights under the Fourth Amendment; (9) the gang expert's testimony relied on inadmissible hearsay, thereby violating petitioner's right to confrontation.

Claim No. 8 fails to state a cognizable claim for federal habeas relief. *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the

state did not provide an opportunity for full and fair litigation of those claims. The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). Under California law, a criminal defendant can move to suppress evidence on the basis that it was obtained in violation of the Fourth Amendment; such procedure provides an opportunity for full and fair litigation of Fourth Amendment claims. *See Gordon*, 895 F.2d at 613-14 (citing Cal. Penal Code § 1538.5). Petitioner acknowledges that he had a hearing pursuant to Cal. Penal Code § 1538.5. Claim No. 8 is therefore dismissed for failure to state a claim for federal habeas relief.

Liberally construed, the remaining claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall mail a copy of this order and the petition with all attachments to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: October 1, 2019

_____
JON S. TIGAR
United States District Judge